LILL'S CHICAGO BREWERY COMPANY vs. RUSSELL and another, Administrator, etc.

REPLEVIN, *for property held on commission by deceased intestate—Demand before administrator appointed.*—EVIDENCE : *Remoteness—Statement of account, among intestate's papers.*

1. The county judge is not authorized by statute to empower any person to take charge of the effects of a deceased intestate, to be delivered to whoever may thereafter be legally appointed to receive them.

2. Demand made of a person thus taking charge, by the owner of personal property lawfully in the possession of such intestate at his death, is sufficient to sustain replevin againt such person, and against the administrator subsequently appointed, who comes in as defendant to the action.

3. In an action against persons claiming, as administrators, possession of goods which were in the intestate's possession at his death in January, 1867, an account found among his papers, showing that in 1865 he sold similar goods on commission for the plaintiff, was admissible in evidence for plaintiff, as having some tendency to show that the goods in dispute were held on commission.

APPEAL from the Circuit Court for *Winnebago* County.

Replevin for certain barrels of ale. The property was in possession of Joseph Hurst at his death, January 4, 1867, being in his house at the city of Oshkosh. The action was commenced on the tenth of that month, against *Russell* alone; and the complaint alleges that he was in possession on that day, and refused to deliver on demand of the plaintiff. The sheriff having taken possession of the property, *Austin* served upon him an affidavit that he had been appointed special administrator of said Hurst, and a demand for the possession as such administrator. The plaintiff, however, entitled himself to and obtained possession under the statute; and on the 23d of the same month, by stipulation, *Austin* was made a party defendant to the action. *Russell's* answer denies the wrongful detention, and alleges that Hurst, at his death, left no person in this country who had the right to administer or take possession and charge of his personal property, and that on the day of his death the county judge of said county appointed and empowered him (said *Russell*) to take charge thereof, and keep the same to be delivered over to such person as might legally be appointed to receive it; and that by virtue of this appointment, he took possession, etc. *Austin's* answer alleges that Hurst was owner of the property in dispute at the time of his death; that *Russell* took possession in the manner above stated; that on the 11th of January,

1867, he (*Austin*) was appointed special administrator, etc., and has duly qualified and entered upon the duties; and that as such administrator he is entitled to possession of the property.

On the trial (at the March term, 1867), plaintiff introduced various evidence of its ownership of the property. That to which exception was taken, was as follows : One Hallam was asked whether he had ever had any conversation with Hurst as to the manner in which he was selling ale of plaintiff, and, being permitted to answer against objection, said : "A year ago last fall, I had a conversation with Hurst about a man that was in debt to him. He stated that if he did not get his pay, it was not his loss; he was selling on commission for *Lill & Co.*"—*Mr. Austin*, being called as a witness for the plaintiff, was shown a certain paper containing a statement of account between Hurst and plaintiff for September and October, 1865, which he said he found among Hurst's papers. In said account Hurst was charged with 30 barrels and 100 half-barrels of ale, and credited with "commission" on the same number of each. A balance appeared to be due from Hurst, and receipt of payment thereof was acknowledged in plaintiff's name "by O. Bromfield." This was received against objection.—The defendants, among other things, offered in evidence a paper signed by the county judge of said county, addressed to *Mr. Russell*, and dated January 4th, 1867, which purported to authorize said *Russell*, so far as said judge had the power to do so, to take possession of the real and personal property of said Hurst, deceased, and safely keep the same to be delivered over to such persons as might be legally appointed to receive them. Ruled out.

The court, after instructing the jury, at defendants' request, that the property having come legally into the possession of Hurst, plaintiff, to recover in this action, must prove

a demand or a wrongful conversion; and that such demand must be made of the person having the legal control of the property, and a legal right to surrender it: further instructed them, that if the property belonged to plaintiff, the demand made of *Russell* was sufficient to sustain the action. Verdict for plaintiff; new trial refused; and judgment on the verdict; from which the defendants appealed.

*A. A. Austin,* for appellants:

1. There was no evidence that Hurst ever received or saw the paper purporting to be a statement of account against him; or that said statement was made by plaintiff, or its agent or clerk, or who "Bromfield" was, or by whose authority or in what capacity he was acting. No sufficient foundation was laid for admitting it as evidence. And it was immaterial, because the period to which it related was too remote. Plaintiff should have introduced, or accounted for not producing, a statement of its transactions with Hurst for the year 1866. 2. The county court, though not expressly authorized by statute, had power incident to its jurisdiction over the estates of decedents, to appoint *Mr. Russell* to take charge of the property in possession of Hurst at the time of his death, and preserve it for the person who should be appointed special administrator; and under such appointment *Russell* had no authority to dispose of the property or permit it to be taken away from the house. Acts of necessity in preserving the property would not charge a person as executor of his own wrong (2 Black. Com., 424; 1 Williams on Ex'rs, 214); but if while thus taking charge of the property, he should surrender it to another person claiming title, he would become liable as a wrong-doer. Since, therefore, *Russell* had no right to deliver the property, the demand on him was not sufficient to sustain the action. 3. At the death of an intestate, his personal property passes into the custody of the law until an administrator

is appointed.        40 Pa. St., 505; 1 Williams on Ex'rs, 556, note 1.

*Earl P. Finch*, for respondent:

The special administrator, *Austin*, was made a defendant upon his own motion, " as a favor and not as a right." 1 Whit. Pr., 209.    And coming in voluntarily, " he must place the subject matter of controversy within the control of the court, entirely and without reserve." Ibid.    The case stands as if *Russell* had disappeared from it, and *Austin* had been substituted as defendant.    2. To the point that the paper found by the administrator among Hurst's papers was admissible in evidence, counsel cited 1 Phill. Ev., 301; 1 Greenlf. Ev., § 198.

PAINE, J.    There was no error in the ruling of the court below in respect to the liability of the defendants to this action, if the property belonged to the plaintiff, and the defendants had possession of it, and refused to deliver it on demand.    There is no statute authorizing the county judge to make any order like the one made in this case.    But that appears to be wholly immaterial; for if the defendants had been regularly appointed administrators of Hurst, the appointment would only have entitled them to the possession of *his* property, not to that of the plaintiff.    If an administrator takes possession of the property of a stranger, claiming it as belonging to his intestate, if he detains it from the true owner after a demand, he would be liable to an action to recover it.    And *a fortiori*, if a person not administrator takes such possession and so detains it, he would be liable.    The fact that he may have supposed it belonged to a deceased friend, whose estate he desired to protect, can constitute no legal defense to such an action.    By taking possession, and assuming control over it so far as to refuse to surrender it, on demand, to the true owner, he renders

himself liable to the appropriate remedy to obtain possession, without regard to the motives that may have influenced his action.

The only other question is, whether there was error in admitting in evidence the paper containing an account between the plaintiff and Hurst in the year 1865. That account was found among Hurst's papers; and if the question in issue had related to the ale he received from the plaintiff at that time, the paper containing a credit to him for his commission would have been strong evidence to show that he was selling it on commission for the plaintiff, and that he had not bought it. If there is any objection to it, it is because the time of the transactions was so remote from the time of those involved here. But that would only make it immaterial; and a judgment will not be reversed for merely immaterial evidence, unless the court can say from the record that it probably prejudiced the rights of the opposite party. But that could not be said here; for the evidence seems ample without this paper, to show that the ale in question belonged to the plaintiff, and was in Hurst's possession for sale on commission. But there seems no objection to the admissibility of the paper itself. It showed that in 1865 Hurst was selling ale on commission for the plaintiff. That was somewhat remote. It was not very strong evidence to show that he was selling in the same way in the latter part of 1866. Yet it had some tendency to show it. Because, it appearing that a particular course of dealing is once established between parties, a jury might reasonably infer that tha same course continued, unless there was some evidence to the contrary. It was a circumstance that they were at liberty to consider.

*By the Court.*—The judgment is affirmed, with costs.